UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT B. JOKINEN,

    Plaintiff,

v.                                           CASE NO. 6:07-cv-707-Orl-Orl-19KRS

WARDEN CHARLES E. GERMANY, et al.,

    Defendants.

## ORDER

This case is before the Court on the following motion:

**MOTION**:    Defendant Florida Hospital East's Motion for More Definite Statement Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure (Doc. No. 40, filed October 8, 2007).

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e) (2007).

Defendant Florida Hospital East, ("FHE"), contends that this Court should order Plaintiff to provide a more definite statement because: (1) nothing in the amended complaint "sets forth any basis for initiating suit against" FHE; (2) it is unclear whether FHE "is being sued under a civil rights theory or medical negligence theory;" and (3) the amended complaint "is vague and ambiguous" such that FHE "cannot frame a responsive pleading." (Doc. No. 40).

The law is well-settled that persons incarcerated by the State may not be subjected "to acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Harris v. Thigpen*, 941 F.2d 1495, 1504-05 (11th Cir. 1991) ("Prisoner personnel may not subject inmates to acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). A determination of deliberate indifference involves an examination of two elements: 1) the seriousness of the prisoner's medical need, and 2) the nature of the defendant's response to that need. *See Sult v. Prison Health Services Polk County Jail*, 806 F. Supp. 251, 252 (M.D. Fla. 1992). A court cannot find deliberate indifference if the defendant's response was merely negligent. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). At a minimum, the defendant must have "*knowledge* of the *particular medical condition* in order to establish intent or a sufficiently culpable state of mind *to deny or to delay purposely* access to medical care or intentionally to interfere with the treatment once prescribed." *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1191 (11th Cir. 1994) (emphasis in original); *Sult*, 806 F. Supp. at 252 (knowledge of a prisoner's need for medical care and *intentional refusal* to provide that care meets the deliberate indifference requirement of *Estelle*).

Here, Plaintiff's amended complaint sets forth in detail the events surrounding his alleged suffering of a ruptured appendix in August of 2004. (Doc. No. 36). According to Plaintiff, various doctors, nurses and corrections officers at the Central Florida Reception Center, (the "Reception Center"), acted with deliberate indifference to Plaintiff's serious medical condition of acute appendicitis and a ruptured appendix. *Id.* As to Defendant FHE, Plaintiff alleges only that he was transported to FHE on two occasions for medical treatment and ultimately underwent surgery at FHE. *Id.* at 19-20 (alleging that Plaintiff received a CT scan at FHE on August 20, 2004, and was returned to the Reception Center over the instructions of a doctor at FHE); *id.* at 24-25 (alleging that

Plaintiff was returned to FHE from the Reception Center on August 20, 2004, and underwent surgery the next morning). Plaintiff's allegation that he was suffering from appendicitis and that his appendix actually ruptured clearly suffices as a serious medical condition; however, the minimal facts alleged regarding FHE provide an insufficient basis for initiating suit against FHE.

Thereon, it is **ORDERED** that:

(1)  FHE's Motion for More Definite Statement (Doc. No. 40) is **GRANTED.**

(2)  Within **ELEVEN (11) DAYS** of the date of this Order, Plaintiff must file a more definite statement identifying the precise claim(s) he is asserting against FHE and the factual basis for such claim(s).

(3)  If Plaintiff fails to comply with the requirements of this Order within the time prescribed, this Court will dismiss FHE, and this action will proceed with regard to the remaining named Defendants.

DONE AND ORDERED at Orlando, Florida this 18th day of October, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
pslc 10/18
Robert B. Jokinen
Counsel of Record